**IN THE CIRCUIT COURT OF COOK COUNTY, STATE OF ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

TARANCE T. ETHEREDGE, III,               )
                                          )       2017L002841
     Plaintiff,                          )       CALENDAR/ROOM C
                                          )       TIME 00:00
                                          )       PI Other
vs.                                       )
                                          )       No.
CITY OF CHICAGO; and MARK HEINZEL,        )
Individually and as an Agent and/or Employee of )   JURY DEMANDED
CITY OF CHICAGO,                          )
ROBERT McGEE,                             )
Individually and as an Agent and/or Employee of )
CITY OF CHICAGO,                          )
JOSEPH PEREZ,                             )
Individually and as an Agent and/or Employee of )
CITY OF CHICAGO,                          )
                                          )
     Defendants.                         )

2017 MAR 17 PM 4:25
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION
FILED-11

## COMPLAINT AT LAW

NOW COMES Plaintiff TARANCE T. ETHEREDGE, III, by and through his attorneys,

POWER ROGERS & SMITH, LLP and hereby complaining of Defendants, CITY OF CHICAGO;

and MARK HEINZEL, Individually and as an Agent and/or Employee of CITY OF CHICAGO,

ROBERT McGEE, Individually and as an Agent and/or Employee of CITY OF CHICAGO, and

JOSEPH PEREZ, Individually and as an Agent and/or Employee of CITY OF CHICAGO,

pleading hypothetically and in the alternative, states as follows:

### Index of Counts

Count I—Excessive Force—Mark Heinzel
Count II—Excessive Force—City of Chicago
Count III—IED—Mark Heinzel
Count IV—IED—City of Chicago
Count V—Battery---Mark Heinzel
Count VI---Conspiracy to Conceal the Truth---City of Chicago; Heinzel; McGee; and Perez

## STATEMENT OF FACTS

1. On or about December 17, 2012, and at all times relevant, TARANCE T. ETHEREDGE, III was a 21 y/o African-American male who resided at 7629 South Dante Avenue, City of Chicago, County of Cook, State of Illinois.

2. On and prior to December 17, 2012, TARANCE T. ETHEREDGE, III, was a citizen of the City of Chicago, who attended South Shore high school, and followed in his father's footsteps by working at a local Staples store.

3. On or about December 17, 2012, just before 11:00 a.m., and at all times relevant, TARANCE T. ETHEREDGE, III was walking in a residential neighborhood at or near 1518 East 77th Street, City of Chicago, County of Cook, State of Illinois.

4. On or about December 17, 2012, and at all times relevant, TARANCE T. ETHEREDGE, III was walking in the aforesaid residential neighborhood from his home.

5. On or about December 17, 2012, and at all times relevant, TARANCE T. ETHEREDGE, III, while walking in the aforesaid location, was on his way to work at Staples.

6. According to TARANCE T. ETHEREDGE, III's grandfather, Arthur O'Bryant, whom he lived with, TARANCE T. ETHEREDGE, III was a law-abiding citizen and did not act in any way as a "gangbanger."

7. On or about December 17, 2012, and at all times relevant, on-duty CITY OF CHICAGO Police Officer's, PEDRO GUZMAN and ROBERT MCGEE, wearing plainclothes, spotted TARANCE T. ETHEREDGE, III, at or near the intersection of East 75th Street and South Stony Island Avenue, City of Chicago, County of Cook, State of Illinois.

8. On or about December 17, 2012, and at all times relevant, when CITY OF CHICAGO Police Officer's, PEDRO GUZMAN and ROBERT MCGEE, spotted TARANCE T. ETHEREDGE,

III walking, suddenly stopped their vehicle, and ROBERT MCGEE, without provocation, probable cause, lawful basis, and without identifying himself, then jumped out and commanded TARANCE T. ETHEREDGE, III, to "Come here."

9. On or about December 17, 2012, and at all times relevant, TARANCE T. ETHEREDGE, III, in fear of his safety, because of the u

10. nidentified persons yelling at him, began to run the opposite direction in an attempt to ensure his safety.

11. On or about December 17, 2012, and at all times relevant, CITY OF CHICAGO Police Officer ROBERT MCGEE then pursued TARANCE T. ETHEREDGE, III on foot, while his partner PEDRO GUZMAN pursed plaintiff in the aforesaid unmarked squad car.

12. On or about December 17, 2012, and at all times relevant, fearing for his safety, TARANCE T. ETHEREDGE, III, ran through alleyways and backyards along East 76th Street and East 77th Street, while being pursued by the aforesaid CITY OF CHICAGO Police Officers.

13. On or about December 17, 2012, and at all times relevant, during the plainclothes CITY OF CHICAGO Police Officers pursuit of TARANCE T. ETHEREDGE, III, additional plainclothes CITY OF CHICAGO Police Officers, MARK HEINZEL and his partner JOSEPH PEREZ, arrived at the aforesaid location, in an unmarked gray vehicle, upon hearing of the aforesaid foot pursuit over their radio.

14. On or about December 17, 2012, and at all times relevant, about the same time or shortly after, a fourth CITY OF CHICAGO Police Officer, JOSEPH ESQUIVEL, arrived at the aforesaid location in uniform and driving a marked squad car.

15. On or about December 17, 2012, and at all times relevant, only one CITY OF CHICAGO Police Officer, JOSEPH ESQUIVEL, who was the last to arrive at the aforesaid location, was identifiable as a uniformed police officer and/or in a marked police vehicle.

16. On or about December 17, 2012, and at all times relevant, CITY OF CHICAGO Police Officers, pursued TARANCE T. ETHEREDGE, III, through the aforesaid residential alleyway until TARANCE T. ETHEREDGE, III stopped running.

17. On or about December 17, 2012, and at all times relevant, TARANCE JOHNSON, stopped running when he became aware the persons chasing him were CITY OF CHICAGO Police Officers, surrendered to the officers.

18. On or about December 17, 2012, and at all times relevant, TARANCE JOHNSON was in the process of submitting to Defendant CITY OF CHICAGO Police Officers, when CITY OF CHICAGO Police Officer, MARK HEINZEL, fired his weapon multiple times at TARANCE T. ETHEREDGE, III, striking him in the back.

19. On or about December 17, 2012, and at all times relevant, before and at the time that, CITY OF CHICAGO Police Officer, MARK HEINZEL, fired his weapon at, TARANCE T. ETHEREDGE, III, striking him with one or more bullets, per MARK HEINZEL's account, TARANCE JOHNSON looked in MARK HEINZEL's direction when MARK HEINZEL called out to him.

20. On or about December 17, 2012, and at all times relevant, nearby City of Chicago resident, Rayshawn Balkcom, heard the gunshots from MARK HEINZEL's sidearm and feared a bullet may strike him.

21. On or about December 17, 2012, and at all times material, CITY OF CHICAGO Police Officer, MARK HEINZEL, fired the aforesaid shots at and in the direction of TARANCE T.

ETHEREDGE, III, striking TARANCE T. ETHEREDGE, III with one or more bullets, he was 25 or more feet away from TARANCE T. ETHEREDGE, III and neither he, nor any other officer was in the yard where TARANCE T. ETHEREDGE, III was located.

22. On or about December 17, 2012, and at all times material, when CITY OF CHICAGO Police Officer, MARK HEINZEL, shot TARANCE T. ETHEREDGE, III, before and at the time that he fired his weapon, there had been no physical contact, altercation, reasonable threat, or injury, to any CITY OF CHICAGO Police Officer.

23. On or about December 17, 2012, and at all times relevant, at the time CITY OF CHICAGO Police Officer, MARK HEINZEL, shot TARANCE T. ETHEREDGE, III, there was significant distance between them, about 25 feet, such that TARANCE T. ETHEREDGE, III, posed no objectively reasonable threat to MARK HEINZEL or any other CITY OF CHICAGO Police Officer at the aforesaid location.

24. On or about December 17, 2012, and at all times relevant, of the four CITY OF CHICAGO Police Officer's present at the aforesaid location, only one CITY OF CHICAGO Police Officer, MARK HEINZEL, fired his weapon.

25. On or about December 17, 2012, and at all times material, CITY OF CHICAGO Police Officer, MARK HEINZEL, was acting under color of law when he looked for and pursued TARANCE T. ETHEREDGE, III and responded to the aforesaid location, drew his weapon and fired his weapon at or in the direction of TARANCE T. ETHEREDGE, III, striking TARANCE T. ETHEREDGE, III, in the back.

26. On or about December 17, 2012, and at all times material, CITY OF CHICAGO Police Officer, MARK HEINZEL, shot TARANCE T. ETHEREDGE, III, while acting within the course and scope of his employment with CITY OF CHICAGO Police Department.

27. On or about December 17, 2012, and at all times material, there was no legal justification to point, threaten, or fire a firearm at, or utilize deadly force against TARANCE T. ETHEREDGE, III.

28. On or about December 17, 2012, and at all times material, there was no legal justification to shoot TARANCE T. ETHEREDGE, III.

29. On or about December 17, 2012, and at all times material, the shooting of TARANCE T. ETHEREDGE, III by CITY OF CHICAGO Police Officer, MARK HEINZEL, was unjustified and exhibited a conscious disregard for the safety of TARANCE T. ETHEREDGE, III and the safety of the public at large, including neighborhood resident Rayshawn Balkcom, who feared for his own life upon hearing CITY OF CHICAGO Police Officer, MARK HEINZEL's shots.

30. On or about December 17, 2012, and at all times material, the shooting of TARANCE T. ETHEREDGE, III by CITY OF CHICAGO Police Officer, MARK HEINZEL, was an excessive use of force that constitutes reckless, willful and wanton conduct.

31. On or about December 17, 2012, and at all times material, the shooting of TARANCE T. ETHEREDGE, III by CITY OF CHICAGO Police Officer, MARK HEINZEL, constitutes reckless, willful and wanton conduct by the officer.

32. On or about December 17, 2012, and at all times material, the shooting of TARANCE T. ETHEREDGE, III by CITY OF CHICAGO Police Officer, MARK HEINZEL, constitutes objectively unreasonable, reckless and willful conduct.

33. On or about December 17, 2012, and at all times material, TARANCE T. ETHEREDGE, III, never posed a danger or threat of harm to any CITY OF CHICAGO Police Officer, including MARK HEINZEL.

34. On or about December 17, 2012, and at all times material, TARANCE T. ETHEREDGE, III,

did not at any point threaten or in any way endanger the lives of any law enforcement office or civilians prior to being shot by CITY OF CHICAGO Police Officer, MARK HEINZEL.

35. On or about December 17, 2012, and at all times material, TARANCE T. ETHEREDGE, III, was not committing a crime before he was shot or at the time he was shot.

36. On or about December 17, 2012, and at all times material, no attempt to use less than lethal force was made by any CITY OF CHICAGO Police Officer, including MARK HEINZEL, prior to shots being fired in the direction and/or at TARANCE T. ETHEREDGE, III while in the aforesaid CITY OF CHICAGO residential neighborhood.

37. On or about December 17, 2012, and at all times material, as a direct and proximate result of the CITY OF CHICAGO Police Officers conduct, including MARK HEINZEL, TARANCE T. ETHEREDGE, III was injured, and paralyzed from the waist down as a direct and proximate result of being shot by the MARK HEINZEL.

38. On or about December 17, 2012, and at all times material, after shooting TARANCE T. ETHEREDGE, III, CITY OF CHICAGO Police Officer, ROBERT MCGEE, placed TARANCE T. ETHEREDGE, III in handcuffs before requesting medical attention, and thereafter OFFICER ROBERT MCGEE, JOSEPH PEREZ, MARK HEINZEL and others, conspired with one another to justify the unjustifiable, reckless, and willful and wanton use of force against TARANCE ETHERIDGE.

39. Prior to December 17, 2012, CITY OF CHICAGO Police Officer, MARK HEINZEL had a prior encounter with TARANCE T. ETHEREDGE, III, and arrested TARANCE T. ETHEREDGE, III in January of 2009, for trespassing, a minor misdemeanor offense.

40. On or about December 17, 2012, and at all times relevant, a gun that fell from TARANCE T. ETHEREDGE, III's jacket pocket, was recovered, but did not have TARANCE JOHNSON's

fingerprints on it.

41. On the aforesaid prior encounter between CITY OF CHICAGO Police Officer, MARK HEINZEL and TARANCE T. ETHEREDGE, III, there was no use of force employed nor resultant injuries by either party.

42. The December 17, 2012, shooting of TREVON JOHNSON was one of several police involved shootings to occur in the State of Illinois, and the United States as a whole, under circumstances that did not justify or warrant the use of lethal force.

43. The December 17, 2012, shooting of TARANCE T. ETHEREDGE, III was one of several police involved shootings and post-shooting investigations to occur in the United States, specifically the CITY OF CHICAGO, suggesting a policy and practice of condoning, permitting, or otherwise authorizing the use of excessive and even deadly force when it is not warranted and not in compliance with accepted industry police practices and investigative procedures by police departments, including CITY OF CHICAGO Police Department.

## COUNT I
### Willful & Wanton Conduct – MARK HEINZEL

1-42. Plaintiff re-alleges Paragraphs 1 through 42 above of this Complaint, inclusive, and incorporates those Paragraphs herein, as though fully set forth.

43. On or about December 17, 2012, and at all times relevant, the conduct of Defendant CITY OF CHICAGO Police Officer MARK HEINZEL, acting under the color of law, used excessive force in violation of the Illinois and United States Constitution, as well as Illinois common law, and said conduct constitutes reckless, willful & wanton conduct.

44. The misconduct described within this Count was committed in an objectively unreasonable fashion and constituted unjustifiable, and excessive force and undertaken with an intentional and willful indifference to the rights of TARANCE T. ETHEREDGE, III.

45. As a direct and proximate result of Defendant CITY OF CHICAGO Police Officer MARK HEINZEL's unjustified used of excessive force, TARANCE T. ETHEREDGE, III, suffered painful and catastrophic bodily injuries that ultimately resulted in leaving him paralyzed from the waist down, on December 17, 2012.

46. On or about December 17, 2012, and at all times relevant, Defendant CITY OF CHICAGO Police Officer MARK HEINZEL, violated TARANCE T. ETHEREDGE, III's rights, and said conduct was reckless, willful and wanton, and in conscious disregard for the safety of TARANCE T. ETHEREDGE, III, in one or more of the following respects:

    a. Failed to follow proper police procedures; and/or
    b. Recklessly instructed Plaintiff TARANCE T. ETHEREDGE, III while pointing a weapon threatening the use of force intended to seriously injure or kill; and/or
    c. Recklessly fired a weapon at Plaintiff TARANCE T. ETHEREDGE, III, who posed no imminent threat of death or serious bodily harm; and/or
    d. Used excessive force on Plaintiff TARANCE T. ETHEREDGE, III; and/or
    e. Used excessive force without legal or lawful justification; or
    f. Used excessive force without properly warning TARANCE T. ETHEREDGE, III; or

g.  Failed to timely provide or request medical care to TARANCE T. ETHEREDGE, III after causing him injuries;

h.  Failed to timely request medical care and assistance for TARANCE T. ETHEREDGE, III; and/or

i.  Engaged in a practice and course of conduct of using lethal force when it was not warranted; or

j.  Engaged in a practice and course of conduct of utilizing excessive force that condones and supports the use of such force even when it is unjustified by the circumstances; or

k.  Was otherwise willful and wanton and/or negligent.

47. The misconduct described within this Count was undertaken by Defendant CITY OF CHICAGO Police Officer MARK HEINZEL, within the scope of his employment with the CITY OF CHICAGO Police Department, and under the color of law.

WHEREFORE, Plaintiff, TARANCE T. ETHEREDGE, III, demands judgment against Defendant MARK HEINZEL, Individually and as an Agent and/or Employee of CITY OF CHICAGO, in an amount well in excess of the minimum jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), such additional amounts as the Jury and the Court shall deem proper, costs of said suit, and any other relief this Court deems just and appropriate.

## COUNT II
### WILLFUL & WANTON CONDUCT – CITY OF CHICAGO

1-42. Plaintiff re-alleges Paragraphs 1 through 42 above of this Complaint, inclusive, and incorporates those Paragraphs herein, as though fully set forth.

43. On or about December 17, 2012, and at all times relevant, the conduct of Defendant CITY OF CHICAGO Police Officer MARK HEINZEL, acting under the color of law, used excessive force in violation of the Illinois and United States Constitution, as well as Illinois common law, and said conduct constitutes reckless, willful & wanton conduct.

44. The misconduct described within this Count was objectively unreasonable and undertaken intentionally with willful indifference to the constitutional rights of TARANCE T. ETHEREDGE, III.

45. As a direct and proximate result of police officer MARK HEINZEL's unjustified excessive use of force, TARANCE T. ETHEREDGE, III suffered painful and fatal bodily injuries resulting in lower-body paralysis; and suffered great physical and emotional distress on December 17, 2012.

46. The misconduct described within this Count was undertaken pursuant to the policy and practice of the CITY OF CHICAGO Police Department.

47. On or about December 17, 2012, and at all times relevant, Defendant CITY OF CHICAGO by and through its employees and/or agents, including, Police Officer MARK HEINZEL, violated TARANCE T. ETHEREDGE, III's rights, and said conduct was reckless, willful and wanton, and in conscious disregard for the safety of TARANCE T. ETHEREDGE, III, in one or more of the following respects:

    a. Failed to follow proper police procedures; and/or
    b. Recklessly instructed Plaintiff TARANCE T. ETHEREDGE, III while pointing a weapon threatening the use of force intended to seriously injure or kill; and/or

c. Recklessly fired a weapon at Plaintiff TARANCE T. ETHEREDGE, III, who posed no imminent threat of death or serious bodily harm; and/or

d. Used excessive force on Plaintiff TARANCE T. ETHEREDGE, III; and/or

e. Used excessive force without legal or lawful justification; or

f. Used excessive force without properly warning TARANCE T. ETHEREDGE, III; or

g. Failed to timely provide or request medical care to TARANCE T. ETHEREDGE, III after causing him injuries.

48. The misconduct described within this Count was undertaken by Defendant CITY OF CHICAGO, by and through the conduct of its employees and/or agents, including, Police Officer, MARK HEINZEL, while acting within the scope of employment, and said conduct was a direct and proximate cause result of TARANCE T. ETHEREDGE, III's injuries.

WHEREFORE, Plaintiff, TARANCE T. ETHEREDGE, III, demands judgment against Defendant CITY OF CHICAGO, in an amount well in excess of the minimum jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), such additional amounts as the Jury and the Court shall deem proper, costs of said suit, and any other relief this Court deems just and appropriate.

<u>COUNT III</u>
**Infliction of Emotional Distress—MARK HEINZEL**

1-42. Plaintiff re-alleges Paragraphs 1 through 42 above of this Complaint, inclusive, and

incorporates those Paragraphs herein, as though fully set forth.

43. On or about December 17, 2012, and at all relevant times, Defendant, MARK HEINZEL, had

a duty to serve and protect citizens of Chicago, including TARANCE T. ETHEREDGE, III.

44. On or about December 17, 2012, and at all times relevant, Defendant, MARK HEINZEL, had

a duty to refrain from engaging in reckless, willful or wanton conduct or conduct which

exhibited a conscious disregard for the safety of citizens like TARANCE T. ETHEREDGE,

III.

45. At the time and place alleged, Defendant, MARK HEINZEL, breached his duty to TARANCE

T. ETHEREDGE, III by acting in an intentional and reckless, willful and wanton manner,

which exhibited an utter indifference to and/or conscious disregard for the safety of citizens,

including TARANCE T. ETHEREDGE, III, in one or more of the following respects:

   a. Fired a gun multiple times and shot in a residential alleyway he knew or should
      have known to be occupied by innocent citizens who would be at risk of injury or
      death; or
   b. Fired a gun multiple times and shot in the direction of one or more innocent citizens
      who he knew or should have known would be at risk of serious injury or death; or
   c. Fired a gun multiple times and shot without legal or lawful justification to do so; or
   d. Fired a gun multiple times and shot without being in reasonable fear for his life or
      the life of others; or
   e. Engaged in a practice and course of conduct of using lethal force when it was not
      warranted; or
   f. Engaged in a practice and course of conduct of utilizing excessive force that
      condones and supports the use of such force even when it is unjustified by the
      circumstances; or
   g. Was otherwise willful and wanton and/or negligent.

46. As a direct and proximate result of one or more of the aforesaid intentional and/or reckless,

willful and wanton acts and/or omissions, Plaintiff, TARANCE T. ETHEREDGE, III,

sustained emotional distress injuries as a result of being unreasonably chased and having bullets intentionally and recklessly fired by the aforedescribed officer at and into his direction, striking him.

WHEREFORE, Plaintiff, TARANCE T. ETHEREDGE, III, demands judgment against Defendant MARK HEINZEL, Individually and as an Agent and/or Employee of CITY OF CHICAGO, in an amount well in excess of the minimum jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), such additional amounts as the Jury and the Court shall deem proper, costs of said suit, and any other relief this Court deems just and appropriate.

<u>COUNT IX</u>
**Institutional Liability—Infliction of Emotional Distress—CITY OF CHICAGO**

1-42. Plaintiff re-alleges Paragraphs 1 through 42 above of this Complaint, inclusive, and incorporates those Paragraphs herein, as though fully set forth.

43. On or about December 17, 2012, and at all relevant times, the Defendant, CITY OF CHICAGO had a duty to serve and protect citizens of the City of Chicago, including TARANCE T. ETHEREDGE, III.

44. On or about December 17, 2012, and at all times relevant, the CITY OF CHICAGO had a duty to refrain from engaging in reckless, willful or wanton conduct or conduct which exhibited a conscious disregard for the safety of citizens like TARANCE T. ETHEREDGE, III.

45. At the time and place alleged, Defendant, CITY OF CHICAGO, by and through the acts of one or more of its Chicago Police Department officers, breached its duty to TARANCE T. ETHEREDGE, III by acting in an intentional and reckless, willful and wanton manner, which exhibited an utter indifference to and/or conscious disregard for the safety of citizens, including TARANCE T. ETHEREDGE, III, in one or more of the following respects:

    a. Failing to adequately train its officers on how to defuse encounters without resorting to lethal force; or

    b. Failed to supervise and coordinate the work of its officers, dispatchers, and employees; or

    c. Failing to properly inform and advise its officers, including MARK HEINZEL, of the nature of the disturbance at 1518 East 77th Street; or

    d. Failed to ensure clear and effective communication between MARK HEINZEL and the Chicago Police dispatcher; or

    e. Failed to provide its employees, including MARK HEINZEL, with adequate equipment to perform his duties at 1518 East 77th Street on December 17, 2012; or

    f. Failed to properly train its employees, including MARK HEINZEL, in how to deescalate a situation without resorting to unnecessary lethal force; or

    g. Failure to provide adequate equipment to MARK HEINZEL; or

    h. Was otherwise willful and wanton and/or negligent.

46. As a direct and proximate result of one or more of the aforesaid intentional and/or reckless, willful and wanton acts and/or omissions, Plaintiff, TARANCE T. ETHEREDGE, III, sustained emotional distress injuries as a result of being unreasonably chased and having bullets intentionally and recklessly fired by the aforedescribed officer at and striking him.

WHEREFORE, Plaintiff, TARANCE T. ETHEREDGE, III, demands judgment against Defendant CITY OF CHICAGO, in an amount well in excess of the minimum jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), such additional amounts as the Jury and the Court shall deem proper, costs of said suit, and any other relief this Court deems just and appropriate.

## COUNT V
### Assault & Battery – MARK HEINZEL

1-42. Plaintiff re-alleges Paragraphs 1 through 42 above of this Complaint, inclusive, and incorporates those Paragraphs herein, as though fully set forth.

43. On or about December 17, 2012, and at all times relevant, the conduct of Defendant CITY OF CHICAGO Police Officer MARK HEINZEL, acting under the color of law, used excessive force in violation of the Illinois and United States Constitution, as well as Illinois common law, and said conduct constitutes reckless, willful & wanton conduct.

44. The misconduct described within this Count was committed in an objectively unreasonable fashion and constituted unjustifiable, and excessive force and undertaken with an intentional and willful indifference to the rights of TARANCE T. ETHEREDGE, III.

45. As a direct and proximate result of Defendant CITY OF CHICAGO Police Officer MARK HEINZEL's unjustified used of excessive force, TARANCE T. ETHEREDGE, III, suffered painful and catastrophic bodily injuries that ultimately resulted in leaving him paralyzed from the waist down, on December 17, 2012.

46. On or about December 17, 2012, and at all times relevant, Defendant CITY OF CHICAGO Police Officer MARK HEINZEL, violated TARANCE T. ETHEREDGE, III's rights, and said conduct was reckless, willful and wanton, and in conscious disregard for the safety of TARANCE T. ETHEREDGE, III, and constitutes an assault and battery in one or more of the following respects:

   a. Failed to follow proper police procedures; and/or
   b. Recklessly instructed Plaintiff TARANCE T. ETHEREDGE, III while pointing a weapon threatening the use of force intended to seriously injure or kill; and/or
   c. Recklessly fired a weapon at Plaintiff TARANCE T. ETHEREDGE, III, who posed no imminent threat of death or serious bodily harm; and/or
   d. Used excessive force on Plaintiff TARANCE T. ETHEREDGE, III; and/or
   e. Used excessive force without legal or lawful justification; or

    f. Used excessive force without properly warning TARANCE T. ETHEREDGE, III; or

    g. Failed to timely provide or request medical care to TARANCE T. ETHEREDGE, III after causing him injuries;

    h. Failed to timely request medical care and assistance for TARANCE T. ETHEREDGE, III; and/or

    i. Engaged in a practice and course of conduct of using lethal force when it was not warranted; or

    j. Engaged in a practice and course of conduct of utilizing excessive force that condones and supports the use of such force even when it is unjustified by the circumstances; or

    k. Was otherwise willful and wanton and/or negligent.

47. The misconduct described within this Count was undertaken by Defendant CITY OF CHICAGO Police Officer MARK HEINZEL, within the scope of his employment with the CITY OF CHICAGO Police Department, and under the color of law.

      WHEREFORE, Plaintiff, TARANCE T. ETHEREDGE, III, demands judgment against Defendant MARK HEINZEL, Individually and as an Agent and/or Employee of CITY OF CHICAGO, in an amount well in excess of the minimum jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), such additional amounts as the Jury and the Court shall deem proper, costs of said suit, and any other relief this Court deems just and appropriate.

## COUNT VI
## CONSPIRACY– CITY OF CHICAGO
## MARK HEINZEL, ROBERT McGEE, and JOSEPH PEREZ

1-42. Plaintiff re-alleges Paragraphs 1 through 42 above of this Complaint, inclusive, and incorporates those Paragraphs herein, as though fully set forth.

43. On or about December 17, 2012, and at all times relevant, the conduct of Defendant CITY OF CHICAGO Police Officers MARK HEINZEL; ROBERT McGEE and JOSEPH PEREZ, acting under the color of law, used excessive force in violation of the Illinois and United States Constitution, as well as Illinois common law, and said conduct constitutes reckless, willful & wanton conduct.

44. The misconduct described within this Count was objectively unreasonable and undertaken intentionally with willful indifference to the constitutional rights of TARANCE T. ETHEREDGE, III.

45. As a direct and proximate result of police officers, MARK HEINZEL; ROBERT McGEE and JOSEPH PEREZ unjustified excessive use of force, TARANCE T. ETHEREDGE, III suffered painful and fatal bodily injuries resulting in lower-body paralysis; and suffered great physical and emotional distress on December 17, 2012.

46. The misconduct described within this Count was undertaken pursuant to the policy and practice of the CITY OF CHICAGO Police Department.

47. On or about December 17, 2012, and at all times relevant, Defendant CITY OF CHICAGO by and through its employees and/or agents, including, Police Officers, MARK HEINZEL; ROBERT McGEE and JOSEPH PEREZ, violated TARANCE T. ETHEREDGE, III's rights, and said conduct was reckless, willful and wanton, and in conscious disregard for the safety of TARANCE T. ETHEREDGE, III, in one or more of the following respects:

a.   Failed to follow proper police procedures; and/or
b.   Recklessly instructed Plaintiff TARANCE T. ETHEREDGE, III while pointing a weapon threatening the use of force intended to seriously injure or kill; and/or
c.   Recklessly fired a weapon at Plaintiff TARANCE T. ETHEREDGE, III, who posed no imminent threat of death or serious bodily harm; and/or
d.   Used excessive force on Plaintiff TARANCE T. ETHEREDGE, III; and/or
e.   Used excessive force without legal or lawful justification; or
f.   Used excessive force without properly warning TARANCE T. ETHEREDGE, III; or
g.   Failed to timely provide or request medical care to TARANCE T. ETHEREDGE, III after causing him injuries.

48. The misconduct described within this Count was undertaken by Defendant CITY OF CHICAGO, by and through the conduct of its employees and/or agents, including, Police Officers, MARK HEINZEL; ROBERT McGEE and JOSEPH PEREZ ,while acting within the scope of employment, and said conduct was a direct and proximate cause result of TARANCE T. ETHEREDGE, III's injuries.

WHEREFORE, Plaintiff, TARANCE T. ETHEREDGE, III, demands judgment against Defendants, CITY OF CHICAGO; and MARK HEINZEL, Individually and as an Agent and/or Employee of CITY OF CHICAGO, ROBERT McGEE, Individually and as an Agent and/or Employee of CITY OF CHICAGO, and JOSEPH PEREZ, Individually and as an Agent and/or Employee of CITY OF CHICAGO,, in an amount well in excess of the minimum jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), such additional amounts as the Jury and the Court shall deem proper, costs of said suit, and any other relief this Court deems just and appropriate.

Respectfully Submitted,

By: _____
Larry R. Rogers, Jr., Attorney for Plaintiff

Larry R. Rogers, Jr.
POWER ROGERS & SMITH, LLP

70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381
Atty # 31444
lrogersjr@prslaw.com

**IN THE CIRCUIT COURT OF COOK COUNTY, STATE OF ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| TARANCE T. ETHEREDGE, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| CITY OF CHICAGO; and MARK HEINZEL, ) | JURY DEMANDED |
| Individually and as an Agent and/or Employee of ) | |
| CITY OF CHICAGO, ) | |
| ROBERT McGEE, ) | |
| Individually and as an Agent and/or Employee of ) | |
| CITY OF CHICAGO, ) | |
| JOSEPH PEREZ, ) | |
| Individually and as an Agent and/or Employee of ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**AFFIDAVIT**

NOW comes Affiant, Larry R. Rogers, Jr., and being first duly sworn on oath, deposes and states:

1. That he is one of the attorneys representing the Plaintiff in the above cause.
2. That he is familiar with the facts in the above cause.
3. That he has reviewed the available information relating to the money damages in the above matter.
4. That based upon information and belief, the total money damages sought in the above cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

Larry R. Rogers, Jr.

Subscribed and sworn to before me this _____ day of _____, 2017

_____
Notary Public

Larry R. Rogers, Jr.
POWER ROGERS & SMITH, LLP (#31444)
70 West Madison Street ----Suite 5500
Chicago, IL 60602
(312) 236-9381
lrogersjr@prslaw.com

DONNA L SYMANSKI
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 13, 2020