IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tarance T. Etheredge, III, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 17-cv-3147 |
| City of Chicago, et al., | ) |
|     Defendants. | ) |

ORDER

Plaintiff's motion to remand is granted. In Counts I and II of his complaint, plaintiff seeks relief from defendants' alleged willful and wanton conduct under Illinois state law. Defendants sought removal on the grounds that these claims rely on the U.S. Constitution and Fourth Amendment jurisprudence. Because I must "interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court," *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009), I find that the complaint's references to federal law do not establish federal question jurisdiction. Counts I and II assert Illinois tort theories. Although plaintiff alleges that defendants' actions also violated the U.S. Constitution, this does not mean that the

claims he asserts arise under federal law. *See Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 589 (7th Cir. 2016)(concluding that an allegation that a contract violated federal law did not cause state-law contract claims to be "essentially federal in character"). As master of his complaint, plaintiff could have brought section 1983 claims against the defendants alleging federal constitutional violations. But he did not. Instead, he limits his complaint to state-law causes of action, including willful and wanton conduct, intentional infliction of emotional distress, battery, and conspiracy. Because plaintiff seeks relief exclusively under state-law theories, his references to the U.S. Constitution can be regarded as surplusage and are not enough to invoke federal jurisdiction.[1] Accordingly, this matter is remanded to state court.

ENTER:

*Elaine E. Bucklo*

Judge Elaine E. Bucklo
United States District Court
Northern District of Illinois

Date: July 10, 2017

---

[1] If plaintiff later files "an amended pleading, motion, order or other paper" asserting a federal constitutional claim, defendant may, within 30 days after receipt of such paper, remove the case to federal court. 28 U.S.C. § 1446(b)(3).